UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE E. GRAY, CASE NO.: 8:22-CV-2136

PLAINTIFF,

V.

BET INFORMATION SYSTEMS, INC.,

DEFENDANTS.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DANIELLE E. GRAY, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, BET INFORMATION SYSTEMS, INC. (hereinafter referred to as the "Defendant"), and states as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Polk County, Florida and where the Plaintiff performed services for the Defendant on behalf of the Defendant's clients and customers.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the Act was engaged in commerce as defined by 29 U.S.C. 207(a).

5. Defendant, BET Information Systems, Inc. is a Foreign For Profit Corporation registered in the State of Delaware and conducting business throughout the United States including Florida. BET Information Systems, Inc. did or does business as Survey.com.

6. At all times pertinent to this Complaint, the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

8. The Plaintiff have retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

**FACTUAL ALLEGATIONS**

9. Plaintiff received an "employee" job offer letter on August 12, 2021. *See* Exhibit A. Plaintiff accepted the employment offer from Defendant, BET Information Systems, Inc.

10. Plaintiff was treated as an employee by Defendants. Specifically, Plaintiff participated in weekly team meetings and one-on-one meetings, was subject to disciplinary counseling and performance evaluation, had no opportunity for loss, was told which assignments she would complete, received training, and instruction. However, no taxes or withholdings were every withheld from her compensation.

11. Plaintiff began working full time in exchange for a salary of $750.00 per week and continues to work under the same salary to this date.

12. Plaintiff routinely works over forty hours per week.

13. Plaintiff does not receive overtime compensation.

**COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

14. From in or about August 12, 2021 through present, Defendants violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

15. As more specifically explained above, the Plaintiff was treated as an employee.

16. The Plaintiff worked a wide range of hours each week ranging from 48 – 60 hours depending on the week.

17. The Defendants have failed to keep accurate records of the Plaintiff's work hours in violation of the FLSA.

18. The actual amount of overtime owed shall fluctuate based upon the number of hours worked each week.

19. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

20. Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 14th day of September, 2022.

By: /s/ Frank M. Malatesta, Esq.

**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*